15-3484-cv
Crenshaw v. New Haven

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             GERARD E. LYNCH,
                     *Circuit Judges*.

_____

ERIC CRENSHAW,

                     *Plaintiff-Appellant*,

                v.                                          15-3484-cv

CITY OF NEW HAVEN, ALLYN WRIGHT, AND TORREY TOWNSEND,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:              Norman A. Pattis, (Frederick M. O'Brien, *on the brief*), New Haven, CT.

Appearing for Appellee City of New Haven:     Cristin E. Sheehan, Morrison Mahoney LLP, Hartford, CT.

Appearing for Appellee Allyn Wright:          Nicole Chomiak, Nuzzo & Roberts, LLC, Cheshire, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Eric Crenshaw appeals from the September 30, 2015 order of the United States District Court for the District of Connecticut (Bryant, *J.*), dismissing his action pursuant to 42 U.S.C. § 1983 for a deprivation of due process for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

In March 2013, Crenshaw applied for an entry-level position as a firefighter in the City of New Haven. After passing a civil service exam, Crenshaw was placed on a certified list of those eligible for appointment on July 30, 2013. Crenshaw's complaint alleges that while he was studying for the civil service examination, he "made the acquaintance of [defendant-appellee] Torrey Townsend," who was also studying to become a firefighter, and "[f]or a brief period, [Crenshaw] and [Townsend] were in a dating relationship" that ended in early 2012. App'x at 6. Crenshaw asserts that after this relationship ended, Townsend sent "an anonymous letter to City officials . . . claiming that [Crenshaw] had threatened to kill fire commissioners because he had previously been denied a position on the department." App'x at 7. Nonetheless, on September 23, 2013, New Haven made Crenshaw a conditional offer of employment, subject to a background investigation. During this period, defendant-appellee Allyn Wright became interim Chief and then full Chief of the Fire Department. Crenshaw alleges that Townsend also became "a close acquaintance" of Wright and that she "disparaged [Crenshaw] to [Wright] in an effort to keep [Crenshaw] from being appointed as a firefighter." App'x at 7. On June 2, 2014, New Haven's personnel director notified Crenshaw that his background investigation was unsatisfactory and he was removed from the eligibility list. The City determined that Crenshaw had not been candid about prior drug use and failed to accurately report outstanding debts. Crenshaw also alleges that New Haven "stated that the anonymous letter and other anonymous information played a role in its decision." App'x at 8.

In order to state a valid claim under 42 U.S.C. § 1983 for a deprivation of procedural due process,[1] a plaintiff must plead facts showing that he possesses a liberty or property interest in the benefit or right of which he was deprived. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307,

---

[1] Crenshaw's brief states that it "incorporates and adopts all arguments made in his memorandum opposing dismissal . . . for purposes of this appeal." Appellant's Br. at 5. But "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). For this reason, we treat as waived all arguments not made in Crenshaw's briefs on appeal.

2

313 (2d Cir. 2002). "Ordinarily, there is no constitutionally protected property interest in prospective government employment." *Abramson v. Pataki,* 278 F.3d 93, 100 (2d Cir. 2002). In order to have "property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). A plaintiff must "instead[] have a legitimate claim of entitlement to it." *Finley v. Giaccobe*, 79 F.3d 1285, 1296 (2d Cir. 1996) (quoting *Roth*, 408 U.S. at 577). Within this framework, this Circuit has held that a *prospective* employee does not have a "property right or entitlement to [a] position." *Coogan v. Smyers*, 134 F.3d 479, 487 (2d Cir. 1998). Although Crenshaw alleges he was "more than a mere aspirant," and that he "possessed something more than a mere unilateral expectation," Appellant's Br. at 6, it is clear from the face of his complaint that he merely had a "conditional offer" of employment and thus was no more than a *prospective* employee. Thus, Crenshaw had no "property interest" in his conditional offer of employment or his placement on the "eligibility list." Crenshaw also argues that the "representations of the Fire Department that he was to be employed if he met the 'conditions' created an implied contract which obligated the Department to perform its part of the bargain in good faith." Appellant's Br. at 7. But Crenshaw did not plead the existence of an implied contract in his complaint. Because Crenshaw has not pleaded any facts to indicate he had a legitimate claim to employment, New Haven did not deny him due process when it withdrew the conditional offer and removed him from the eligibility list.

Crenshaw also does not have a federally-protected "liberty interest" in fair treatment of his conditional offer of employment. A protectable liberty interest may arise in connection with a "loss of reputation" when "coupled with some other tangible element." *Valmonte v. Bane*, 18 F.3d 992, 999 (2d Cir. 1994). This is known as a "stigma-plus" claim. *Id.* In order to sustain a "stigma-plus" claim, a plaintiff must allege "(1) the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state imposed burden in addition to the stigmatizing statement." *Velez v. Levy,* 401 F.3d 75, 87 (2d Cir. 2007) (internal quotation marks and alteration omitted). "The defamatory statement must be sufficiently public to create or threaten a stigma; hence, a statement made only to the plaintiff, and only in private, ordinarily does not implicate a liberty interest." *Id.* "Similarly, because a free-standing defamatory statement is not a constitutional deprivation, but is instead properly viewed as a state tort of defamation, the plus imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment." *Id.* at 87-88 (internal quotation marks and alterations omitted).

Crenshaw has alleged no facts that indicate New Haven "made stigmatizing statements about [him]—statements that call into question [Crenshaw's] good name, reputation, honor, or integrity." *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks omitted) (quoting *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004)). Nor has Crenshaw alleged that any "stigmatizing statements were made public" or "were made concurrently with, or in close temporal relationship to" the City's decision to withdraw its conditional offer of employment. *Id.*; *see also Bishop v. Wood*, 426 U.S. 341, 348 (1976) (holding that since the alleged communications at issue in a stigma claim were "not made public" they could not "properly form the basis for a claim that petitioner's interest in his good name, reputation, honor, or integrity was thereby impaired" (internal quotation marks and

3

footnote omitted)), *overruled on other grounds by Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 540-41 (1985) Crenshaw alleges only that Townsend sent an anonymous letter stating falsehoods. But he does not state that the City or Wright ever repeated these false statements or made them in public. Thus, Crenshaw cannot satisfy the "stigma" prong of a "stigma-plus" claim.

We have considered the remainder of Crenshaw's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4